[Cite as *In re A.N.*, 2011-Ohio-2422.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

IN THE MATTER OF: A.N.        :

       :       C.A. CASE NOS. 2010 CA 83

            2011 CA 7

       :

       T.C. NO. C 38401

       :

        (Civil appeal from Common

       :       Pleas Court, Juvenile Division)

       :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the   20th   day of    May   , 2011.

· · · · · · · · · ·

MARK J. DONATELLI, Atty. Reg. No. 0019461, 77 West Main Street, Xenia, Ohio 45385
       Attorney for Appellee

DAVID M. McNAMEE, Atty. Reg. No. 0068582, 42 Woodcroft Trail, Suite D, Beavercreek, Ohio 45430
       Attorney for Appellant

· · · · · · · · · ·

FROELICH, J.

{¶ 1} Plaintiff-appellant Chad Newdigate appeals from a judgment of the Greene County Court of Common Pleas, Juvenile Division, which denied his motion for custody of his daughter, A.N. For the following reasons, the judgment of the

trial court will be Affirmed.

I

{¶ 2}   Newdigate and Sharon Wagner were unmarried and living together when their daughter, A.N., was born on July 27, 2000.   The parties separated the following year, and through a Civil Protection Order issued on April 25, 2001, by the Greene County Court of Common Pleas, Domestic Relations Division, custody of A.N. was awarded to Wagner, with Newdigate being granted visitation (Case No. 2001-DV-59).   Upon the expiration of that order in 2006, Newdigate moved in the Juvenile Division for custody of A.N., and several months later, he filed a motion seeking shared parenting (Case No. C38401).

{¶ 3}   An Agreed Order and Entry was filed on March 1, 2007.   The entry did not specifically identify Wagner as the residential parent, but the parties agreed that "[t]he Father shall have parenting time with the minor child in accordance with the Standard Order of Parenting Time," with minor modifications.   Nor did the entry address the issue of child support.   However, on August 1, 2007, Newdigate was ordered to continue to pay $300/month in child support, as had been established as part of the protection order.

{¶ 4}   On December 22, 2008, Newdigate filed a "Complaint for Custody" of A.N.  He alleged that there had been a change of circumstances since the last order and that it would be in A.N.'s best interest for him to be awarded custody.   A hearing was held before a magistrate, and in March, the magistrate issued a decision denying Newdigate's motion.   Newdigate objected to the magistrate's decision, and Wagner responded.   At the trial court's request, the parties briefed

the issue of who was A.N.'s legal custodian at the time of the filing of the complaint for custody, as the issue had not been directly addressed in the previous Agreed Entry.

{¶ 5} On November 22, 2010, the trial court found that the March 1, 2007, Agreed Entry constituted a de facto designation of Wagner as A.N.'s residential parent and legal custodian. Newdigate appealed from this finding under Case No. 2010 CA 83. On January 3, 2011, the trial court overruled Newdigate's objections to the magistrate's decision, and denied Newdigate's request for custody. Newdigate appealed from that decision under Case No. 2011-CA-7. We have consolidated the two cases.

II

{¶ 6} Newdigate's First Assignment of Error:

{¶ 7} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DETERMINING A PRIOR ORDER OF THE COURT ON VISITATION WAS A DETERMINATION OF CUSTODY, THUS REQUIRING A CHANGE IN CIRCUMSTANCES TO AWARD APPELLANT CUSTODY OF THE MINOR CHILD."

{¶ 8} The threshold issue before us is whether R.C. 3109.04(E)(1)(a) was applicable in the instant case. R.C. 3109.04(E)(1)(a) states: "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the chid, the child's residential parent...and that the modification is necessary to serve the best interest of the child. In applying

these standards, the court shall retain the residential parent designated by the prior decree..., unless a modification is in the best interest of the child...." We must specifically decide whether there had been a "prior decree allocating parental rights and responsibilities" prior to Newdigate's December 22, 2008, complaint for custody.

{¶ 9} Newdigate argues that because no order of custody had previously been made in regard to his daughter, the trial court should not have required him to demonstrate a change in circumstances as set forth in R.C. 3109.04(E)(1)(a). Instead, he contends that the matter was an original custody action in which the trial court should only have considered what was in the child's best interest in accordance with R.C. 3109.04(B)(1), which provides: "When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding * * *, the court shall take into account that which would be in the best interest of the children."

{¶ 10} Wagner, on the other hand, insists that the trial court correctly concluded that the March 1, 2007, Agreed Order constituted a de facto designation of Wagner as the custodial parent of A.N., and that a change of circumstances was required before the legal custodian could be changed.

{¶ 11} R.C. 3109.042 states that "[a]n unmarried female who gives birth to a child is the sole residential parent and legal custodian of the child until a court of competent jurisdiction issues an order designating another person as the residential parent and legal custodian." Pursuant to this statute, upon A.N.'s birth to Wagner as an unmarried woman, Wagner was statutorily presumed to be the residential

parent and the child's legal custodian. When a trial court simply recognizes this statutory presumption, there has been no "prior decree allocating parental rights and responsibilities" that would trigger the applicability of R.C. 3109.04(E)(1)(a). *DeWitt v. Myers,* Clark App. No. 08-CA-86, 2009-Ohio-807, ¶16.

{¶ 12} When Wagner and Newdigate separated, the trial court issued a Civil Protection Order, which temporarily awarded custody of A.N. to Wagner. However, a protection order "is not regarded as a custody proceeding. Rather, * * * [it] is only a temporary order that lasts until the issue is litigated in domestic relations or juvenile court." *Tabler v. Myers,* Noble App. No. 07-NO-339, 2007-Ohio-6219, ¶14. Thus, the protection order did not constitute a "prior decree allocating parental rights and responsibilities" that would trigger the application of R.C. 3109.04(E)(1)(a).

{¶ 13} Nevertheless, appellate courts have recognized a trial court's discretion to determine the de facto relationships between parents and children when specific language is lacking in written orders. See, e.g., *Lucas v. Estes* (Feb. 13, 1989), Montgomery App. No. 10970; *In re Frederickson* (May 2, 1985), Franklin App. No. 84AP-683. The trial court is "in the best position to determine the nature of its prior order." *In re P.T.P.,* Greene App. No. 2005 CA 148, 2006-Ohio-2911, ¶18.

{¶ 14} Here, the trial court concluded that, although the March 1, 2007, Agreed Entry did not specifically designate Wagner as the custodial parent, the entry amounted to a de facto designation of Wagner as the custodial parent. The focus of the entry was upon the details of Newdigate's "parenting time" with A.N.

Custody and visitation, or parenting time, are related but distinct legal concepts. *State ex rel. Mosier v. Fornof,* 126 Ohio St.3d 47, 2010-Ohio-2516, ¶6, citing *Braatz v. Braatz* (1999), 85 Ohio St.3d 40, 44. "'Custody' refers to the right to ultimate legal and physical control over a child, while 'parenting time rights' grant a parent the power of temporary physical control for the purpose of visitation." Id., quoting *Williamson v. Cooke,* Franklin App. No. 09AP-222, 2009-Ohio-6842, ¶22, in turn citing *Braatz,* supra, at 44.

{¶ 15} The facts of this case support the trial court's finding of a de facto designation. Although Newdigate had enjoyed liberal visitation with A.N., the child continued to live with her mother after her parents separated in 2001. Furthermore, the trial court pointed out that "both parties, the child's Guardian ad Litem and the magistrate treated Mr. Newdigate's 12/22/08 Complaint as an action to modify a prior decree of custody." For example, in his complaint for custody, Newdigate alleged both a change in circumstances and that a change in custody would be in A.N.'s best interest, the standards which a trial court is required to apply pursuant to R.C. 3109.04(E)(1)(a), when determining whether a prior decree should be modified. The trial court also pointed out that "all evidence submitted to the Magistrate was presented in the context of this standard."

{¶ 16} Under these circumstances, we find no fault with the trial court's conclusion that the agreed entry constituted a de facto designation of Wagner as the custodial parent and its holding that it should apply R.C. 3109.04(E)(1)(a). Newdigate's first assignment of error is overruled.

III

{¶ 17} Newdigate's Second Assignment of Error:

{¶ 18} "EVEN IF THE LEGAL STANDARD SET FORTH IN O.R.C. §3109.04(E)(1)(a) IS FOUND TO BE THE PROPER STANDARD, THE TRIAL COURT STILL ERRED AND ABUSED ITS DISCRETION BY NOT FINDING A CHANGE OF CIRCUMSTANCES."

{¶ 19} Newdisgate's Third Assignment of Error:

{¶ 20} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY NOT FINDING IT IN THE MINOR CHILD'S BEST INTEREST TO AWARD CUSTODY OF THE MINOR CHILD TO APPELLANT."

{¶ 21} In his second and third assignments of error, Newdigate maintains that the trial court erred in refusing to grant him custody. A trial court's finding regarding whether or not a change in circumstances has occurred so as to warrant a change in custody pursuant to R.C. 3109.04 should not be reversed absent an abuse of discretion. *Davis v. Flickinger,* 77 Ohio St.3d 415, 1997-Ohio-260. "The abuse of discretion standard is defined as '[a]n appellate court's standard for reviewing a decision that is asserted to be grossly unsound, unreasonable, illegal, or unsupported by the evidence.'" *State v. Boles,* Montgomery App. No. 23037, 2010-Ohio-278, ¶18, quoting Black's Law Dictionary, Eighth Edition (2004), at 11.

{¶ 22} When there has been a "prior decree allocating parental rights and responsibilities," R.C. 3109.04(E)(1)(a) allows for a change in custodial parent only upon finding "that a change has occurred in the circumstances" and "that the modification is necessary to serve the best interest of the child." See, e.g., *In re James,* 113 Ohio St.3d 420, 2007-Ohio-2335, ¶14. Only if there has been a

change in circumstances must the court consider whether a change would be in the best interest of the child. See, e.g., *Clark v. Clark* (April 19, 1993), Preble App. No. CA92-01-001, citing *Holtzclaw v. Holtzclaw* (Dec. 12, 1992), Clermont App. No. CA92-04-036.

{¶ 23} Not every change in circumstances is sufficient to warrant modification of a custody order. Instead, any such change "must be a change of substance, not a slight or inconsequential change." *Davis,* supra, at 418. "'The clear intent of that statute is to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a 'better' environment. The statute is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can provide a better environment.'" Id., quoting *Wyss v. Wyss* (1982), 3 Ohio App.3d 412, 416.

{¶ 24} Newdigate maintains that both Wagner's work schedule, which causes her to be unavailable to care for A.N. much of the time, and her move from Fairborn to Huber Heights, which resulted in a change of school districts, constituted a change of circumstances, which should have resulted in a finding that a change of custody would be in A.N.'s best interest.

{¶ 25} Newdigate compares the present case to *Rutherford v. Rutherford,* Portage App. No. 2009-P-0086, 2010-Ohio-4195. However, we see significant differences between the two cases. In *Rutherford,* no objections were filed to the magistrate's decision, which means that the appellate court applied a plain-error

review, rather than the abuse-of-discretion standard that we must apply. Noting that the mother's work schedule, which changed frequently and which often involved overtime, prevented her from being available to the children and that the mother had moved four times in two years, each time causing a change in the children's school, the *Rutherford* court concluded that there had been a change of circumstances and that granting custody to the father would be in the children's best interest.

{¶ 26} Here, on the other hand, Wagner is available to care for A.N. most of the time. Wagner testified that she consistently works third shift, essentially working while A.N. is asleep and sleeping while A.N. is at school. Wagner usually only works overtime on weekends when A.N. is visiting her father. Wagner gets A.N. ready for school and usually takes her to the bus stop each morning. Wagner is awake when A.N. gets home from school and does not have to leave for work until A.N.'s bedtime, at which time A.N.'s maternal grandmother comes to the house to spend the night with her. Wagner's mother is also available to care for A.N. during school breaks when Wagner must work.

{¶ 27} Additionally, "'relocation alone [is] not * * * sufficient to qualify as a change of circumstances.'" *Hanley v. Hanley* (May 22, 1998), Pickaway App. No. 97CA35, quoting *Moore v. Moore* (March 27, 1998), Portage App. No. 97-P-0008; additional citations omitted. In this case, Wagner moved and changed A.N.'s school only once. After being laid off from General Motors, Wagner was unemployed for a number of months. Wagner decided to move to a less expensive home, which is just two houses away from her mother, who helps to care

for A.N. In addition to the monetary savings and the convenience, the Huber Heights home is somewhat larger and nicer than the Fairborn home. Both parents and the Guardian ad Litem agreed that A.N. had adjusted to the change in home and schools well, making new friends and maintaining good grades.

{¶ 28} For these reasons, the trial court concluded that there had been no change in circumstances that would warrant a change in custody and overruled Newdigate's objections to the magistrate's decision. We conclude that the trial court did not abuse its discretion in denying Newdigate's complaint for custody. Newdigate's second and third assignments of error are overruled.

III

{¶ 29} Newdigate's three assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Mark J. Donatelli
David M. McNamee
Hon. Robert W. Hutcheson