[Cite as *In re A.P.*, 2012-Ohio-4965.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| IN THE MATTER OF | : | |
| | : | Appellate Case No. 2012-CA-18 |
| A.P., a minor child | : | |
| | : | Trial Court Case No. 2009-JG-36 |
| | : | |
| | : | |
| | : | (Juvenile Appeal from |
| | : | Common Pleas Court) |
| | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of October, 2012.

. . . . . . . . . . .

DARRELL L. HECKMAN, Atty. Reg. #0002389, Harris, Meyer, Heckman & Denkewalter, LLC, One Monument Square, Suite 200, Urbana, Ohio 43078
    Attorney for Appellant

KATHY ELLISON, Atty. Reg. #0033808, 265 Talbott Tower, Dayton, Ohio 45402
    Attorney for Appellee

. . . . . . . . . . . .

HALL, J.

{¶ 1}   A.P. ("Father") appeals from the trial court's judgment entry modifying a shared-parenting plan for the parties' minor child but retaining appellee, R.D. ("Mother"), as

the residential parent for school purposes.

{¶ 2}   Father advances two related assignments of error on appeal. First, he contends the trial court erred in finding no "change in circumstances" to support modification of the residential parent for school purposes. Second, he claims the trial court erred in failing to designate him the residential parent for school purposes where such a designation was in the best interest of the child. For her part, Mother has not filed an appellate brief.

{¶ 3}   The record reflects that Father and Mother were never married. Mother gave birth to A.P. in 2005. The parties filed a shared-parenting plan, which the trial court adopted in 2009. Among other things, it designated Mother the residential parent for school purposes. At that time, Father and Mother maintained separate residences in the Urbana area. In August 2011, Mother moved roughly thirty miles to Huber Heights. Although she rented an apartment there, Mother primarily resides in the home of her fiancé and his four children, who range in age from five to fifteen. Following her move, Mother enrolled A.P. in kindergarten in Huber Heights.

{¶ 4}   In November 2011, Mother moved to modify the shared-parenting plan. She asserted that the existing plan had become impractical and required an excessive number of exchanges of the child. Mother also noted that her move had complicated the logistics of the exchanges. Among other things, Mother's proposal gave Father parenting time on alternating weekends and from Monday evening until Wednesday morning.  In December 2011, Father also moved to modify the shared-parenting plan. He argued that Mother's proposal excessively removed A.P. from his extended family in Urbana.  Father requested to be designated the residential parent for school purposes and proposed his own parenting-time schedule.

{¶ 5} Ultimately, the parties resolved most of their differences and agreed on the terms of a revised shared-parenting plan. The revised plan contained modified living arrangements for A.P. In essence, it granted "Parent 1" primary parenting time during the school year, while giving "Parent 2" primary parenting time in the summer. The parties agreed to have the trial court determine which parent would be Parent 1 (the residential parent for school purposes) and which would be Parent 2. *See* Doc. #11 at Exh. A. The trial court held a March 30, 2012 evidentiary hearing to resolve that issue.

{¶ 6} At the hearing, Mother testified and presented testimony from her fiancé and her mother. Father testified and presented testimony from both of his parents. The trial court also conducted an in-camera interview of A.P., who was six years old at the time. Based on the evidence presented, the trial court found "[t]hat except for the agreement to modify [shared parenting], no change in circumstances has occurred that makes it necessary to modify the residential parent for school purposes to serve the best interests of the child." (Doc. # 11 at 1). As a result, the trial court adopted the modified shared-parenting plan and declined to change the residential parent for school purposes, designating Mother as Parent 1 and Father as Parent 2. Father timely appealed.

{¶ 7} This court has recognized that a trial court may not modify the designation of a residential parent for school purposes under a shared-parenting plan without finding that a change in circumstances has occurred and that such modification is in the best interest of the child. *Sutton v. Sutton*, 2d Dist. Montgomery No. 24108, 2011-Ohio-1439, ¶ 9, ¶ 13-14. In making these determinations, a trial court enjoys broad discretion. *Id.* at ¶ 18. We will not reverse a trial court's determination regarding a change in circumstances or the best interest of the child absent an abuse of that discretion. *Id.*

**{¶ 8}** In his assignments of error, Father argues (1) that the trial court erred in finding no change in circumstances and (2) that A.P.'s best interest required the trial court to designate him the residential parent for school purposes. The alleged change in circumstances Father cites is Mother's uprooting of A.P. from his home town and network of family and friends in Urbana and her relocation to Huber Heights, where she and A.P. reside with her fiancé and his children from a prior marriage. Father argues that while relocating alone may not be a sufficient change in circumstances, a relocation that disrupts a child's relationship with extended family can be sufficient. With regard to the best-interest issue, Father asserts that the child's best interests are served by designating him the residential parent for school purposes because Urbana is A.P.'s home and is where the child's best friend and relatives live.

**{¶ 9}** Upon review, we find no abuse of discretion in the trial court's refusal to designate Father the residential parent for school purposes. As an initial matter, it is not clear to us that the trial court found no change in circumstances at all. Rather, the trial court found "no change in circumstances * * * that makes it necessary to modify the residential parent for school purposes to serve the best interests of the child." (Doc. #11 at 1). This language suggests the trial court actually found a change of circumstances but determined that the change did not affect the best interest of the child. The trial court's subsequent explanation lends support to this interpretation. It reasoned:

> While it is true that the mother changed her residence address since the
> prior Agreed Shared Parenting Plan, that is not sufficient to warrant any
> modifications. All those who testified indicated that the additional distance was
> not an issue and that both parents and their respective families could remain

active in the child's life.

Further, the father indicates that the mother's introduction of a fiancé and his children [is] a change for the child. However, he also has a new significant other who has children, so both parents have introduced new people into the life of their child. With parents who are no longer a couple, this is the natural course of events and not a change in circumstances such as to warrant a modification, particularly where there is no showing of any impact on the child.

(*Id.* at 1-2).

{¶ 10} In any event, we reach the same conclusion regardless of whether the trial court found no change in circumstances or found a change in circumstances but nevertheless determined that the best interest of the child did not support modifying the residential parent for school purposes. The only difference is that Father's argument fails at the first step of the analysis under the former scenario, whereas his argument fails at the second step under the latter scenario. The evidence supports the trial court's finding either way.

{¶ 11} A statutorily required change in circumstances "must be a change of substance, not a slight or inconsequential change." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 1997-Ohio-260, 674 N.E.2d 1159. "In determining whether a 'change' has occurred, we are mindful that custody issues are some of the most difficult and agonizing decisions a trial judge must make. Therefore, a trial judge must have wide latitude in considering all the evidence[.]" *Id.*

{¶ 12} This court has held that relocation alone is not a sufficient change in

circumstances to justify modification of a custody determination. *In re A.N.*, 2d Dist. Greene Nos. 2010 CA 83, 2011 CA 7, 2011-Ohio-2422, ¶ 27. In the *In re A.N.* case, the father argued that the mother's move from Fairborn to Huber Heights, coupled with her work schedule, constituted a change in circumstances that supported a custody modification. This court disagreed. It noted that the mother and maternal grandmother remained available to care for the child most of the time. With regard to the relocation, this court noted that the relatively short move had provided some benefits for the mother and that the child "had adjusted to the change in home and schools well, making new friends and maintaining good grades." *Id.* As a result, we found no abuse of discretion in the trial court's denial of the father's complaint for custody. *Id.* at ¶ 28.

{¶ 13} Conversely, in *Gartin v. Gartin*, 2d Dist. Clark No. 2011-CA-74, 2012-Ohio-2232, we affirmed a trial court's finding that a change in circumstances had occurred where the mother moved an hour away, began living with a boyfriend, and placed the child in a new school. We reasoned that the trial court properly could have found a change in circumstances based solely on the fact that the mother had started living with her boyfriend, who the evidence showed posed a danger to the child. *Id.* at ¶ 9-10.

{¶ 14} This court's decisions in *In re A.N.* and *Gartin* illustrate two key points: (1) the importance of the particular facts in a case and (2) the wide latitude a trial court enjoys in evaluating those facts. In our view, the trial court here reasonably could have concluded that Mother's relatively short move from Urbana to Huber Heights, even when viewed in conjunction with her act of living with a boyfriend, did not constitute a change of "substance" or consequence. The record supports a finding that Mother's move of roughly thirty miles,

although inconvenient, will not prevent A.P.'s extended family in Urbana from remaining active in his life. The record also supports a finding that A.P. has adjusted to residing with Mother's fiancé and his children and that A.P. is excelling academically. Finally, the record supports the trial court's finding that Father has begun a relationship with a woman who has two children of her own. Although Father is not living with this woman, the trial court correctly noted that he too has introduced new people into A.P.'s life. In any event, even if we were to find that Mother's move and her change in living arrangements did constitute a change in circumstances, the foregoing evidence supports the trial court's finding that it was not necessary to "modify the residential parent for school purposes to serve the best interests of the child." (Doc. #11 at 1).

{¶ 15} It is well settled that a reviewing court will not reverse a custody determination unless a trial court has acted arbitrarily, unreasonably, or capriciously. *Thomas v. Thomas*, 2d Dist. Clark No. 2009 CA 88, 2011-Ohio-2977, ¶ 24. In most cases, an abuse of discretion will arise from decisions that are unreasonable. *Id.* "'A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.'" *Id.* at ¶ 25, quoting *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 16} In the present case, the trial court's decision is supported by a sound reasoning process. Therefore, we find no abuse of discretion in its refusal to modify the shared-parenting plan to designate Father the residential parent for school purposes. Father's assignments of

error are overruled, and the judgment of the Champaign County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

Darrell L. Heckman
Kathy Ellison
Hon. Lori L. Reisinger