[Cite as *In re A.S.*, 2016-Ohio-7622.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

IN RE:                   :

                     :

     A.S.           :    Appellate Case No. 27156

                     :

                     :    Trial Court Case No. 2011-681

                     :

                     :    (Juvenile Appeal from

                     :     Common Pleas Court)

                     :

                     :

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of November, 2016.

. . . . . . . . . . .

JAMES R. KIRKLAND, Atty. Reg. No. 0009731, Kirkland, Sommers, & Gearhardt Co., L.P.A., 130 West Second Street, Suite 840, Dayton, Ohio 45402
     Attorney for Appellant

KATHRYN L. BOWLING, Atty. Reg. No. 0084442, Bowling Law Office, 2521 Far Hills Avenue, Dayton, Ohio 45419
     Attorney for Appellee

. . . . . . . . . . . . .

HALL, J.

    **{¶ 1}** C.S. ("Grandmother") appeals from the trial court's March 23, 2016 judgment

entry overruling her objections to a magistrate's decision and awarding legal custody of

her grandchild, A.S., to the child's biological father, D.C. ("Father").

{¶ 2} In her sole assignment of error, Grandmother contends the trial court erred in finding that the child becoming school-aged and attending all-day kindergarten constituted a "change in circumstances" sufficient to permit a change in legal custody.

{¶ 3} The record reflects that Grandmother obtained legal custody of A.S. shortly after the child's birth in November 2009. Grandmother obtained custody as a result of a dependency complaint involving a drug problem by her daughter, J.S. ("Mother"), and an alcohol problem by Father. (Hearing Tr. at 191). Thereafter, in April 2012, Grandmother and Father entered into an "Agreed Entry and Order for Temporary Joint Custody." (Doc. #25). At that time, A.S. was approximately two and one-half years old and attended preschool two or three days a week. (Hearing Tr. at 196). Pursuant to the parties' agreement, Father, who had quit using alcohol, was named the residential parent for school and daycare purposes, and Grandmother was named the residential parent for "therapeutic programming" and medical purposes. (Doc. #25). It is not apparent from the face of the agreed temporary joint-custody order when it was to expire.

{¶ 4} In any event, in June 2015, Father filed a "Motion to Terminate Shared Parenting Plan and for Legal Custody." (Doc. #22). A magistrate held a November 2015 hearing on Father's motion. During the hearing, the magistrate found that the temporary joint-custody order long since had expired and, therefore, that legal custody automatically had reverted to Grandmother. (Hearing Tr. at 5, 95). The parties also agreed, however, that they had continued operating under the terms of the temporary joint-custody order based on a mutually-mistaken belief that it remained in effect. Under that agreement, Grandmother and Father had spent roughly an equal number of days and nights with A.S.

every two weeks.

{¶ 5} During the hearing on Father's motion, he testified that A.S. recently had started attending all-day kindergarten five days a week in Franklin, Ohio, where Father lived. (*Id.* at 197). Father testified, among other things, that he had noticed changes in A.S.'s emotional state and behavior since the child had started kindergarten. (*Id.* at 57). He mentioned noticing "quick anger flashes" of emotion in the child. (*Id.* at 58). He also opined that he consistently had noticed more behavioral issues after school on evenings when the child had spent the previous night at Grandmother's house in Dayton. (*Id.* at 59-62). He described the child as needing a "defrag period," meaning a time to relax and to "taper[] off" from emotional "highs and lows." (*Id.* at 61-62). Father proceeded to explain that A.S. seemed to be "bottling things up inside of him" before relaxing. (*Id.* at 63). Father testified that he did not believe it was in A.S.'s best interest to continue switching between two homes during the school week. (*Id.* at 67-68). He stated: "I think he needs to have a stable foundation, a stable home. And I think the driving [between homes] is probably a lot on him, with everything else." (*Id.* at 68).

{¶ 6} After hearing all of the evidence, including testimony from Grandmother and others, the magistrate found, pursuant to R.C. 3109.04, that a "change in circumstances" had occurred with regard to the child, insofar as the child "is now school aged and is attending all day Kindergarten." (Doc. #9 at 1). The magistrate also found, pursuant to R.C. 3109.04, that a change in legal custody to Father was in the child's best interest. (*Id.* at 2). Grandmother objected to the magistrate's decision, arguing that no "change in circumstances" of the type required by the statute had occurred and that an award of legal custody to Father was not in the child's best interest. (Doc. #4)

{¶ 7} The trial court overruled Grandmother's objections and awarded legal custody to Father, finding that the requisite "change in circumstances" had been established and that granting legal custody to Father was in A.S.'s best interest. (Doc. #3). This appeal by Grandmother followed.

{¶ 8} As set forth above, Grandmother's assignment of error challenges only the trial court's finding of a "change in circumstances." Specifically, she contends "the trial court erred and abused its discretion when it found that the child now being school aged and attending all day kindergarten is a 'change in circumstances.' " (Appellant's brief at 4). Grandmother argues that neither the passage of time nor "age alone" is a sufficient basis to find a change in circumstances. (*Id.* at 6). She asserts that Father failed to identify anything in addition to A.S.'s kindergarten attendance (which itself was a predictable result of his advancing age) to establish a change in circumstances. (*Id.* at 8). According to Grandmother, Father failed to identify even one pertinent factor, other than the mere passage of time, that would justify finding a change in circumstances. (*Id.* at 9). Therefore, she argues that the record does not support the trial court's finding of a change in circumstances and that Father's motion for legal custody should have been overruled.

{¶ 9} Upon review, we find Grandmother's assignment of error to be unpersuasive. The trial court and the parties have identified R.C. 3109.04 as the governing statute. In relevant part, it provides:

> The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at

the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. * * *

R.C. 3109.04(E)(1)(a).

{¶ 10} We question whether the foregoing statute applies here. Grandmother, by definition, is not A.S.'s residential *parent*. The record reflects she obtained legal custody shortly after the child's birth in the course of a dependency proceeding. A different statute, R.C. 2151.42, governs the modification or termination of dispositional orders in dependency cases. It provides:

A court shall not modify or terminate an order granting legal custody of a child unless it finds, based on facts that have arisen since the order was issued or that were unknown to the court at that time, that a change has occurred in the circumstances of the child or the person who was granted legal custody, and that modification or termination of the order is necessary to serve the best interest of the child.

R.C. 2151.42(B).

{¶ 11} We recognize that yet another provision, R.C. 2151.23(F)(1), generally instructs a juvenile court "to exercise its jurisdiction in child custody matters in accordance with R.C. 3109.04." But we have questioned whether this admonition obligates a juvenile court modifying a prior custody determination in a dependency, abuse, or neglect case to apply *all parts* of R.C. 3109.04. *In re L.M.*, 2d Dist. Greene No. 2010-CA-76, 2011-Ohio-3285, ¶ 34, 39. Here, however, any discussion about the proper statute to apply is

academic. This is so because R.C. 3109.04(E)(1)(a) and R.C. 2151.42(B) both require the same "change in circumstances" before an existing custody decree may be modified, and that is the only issue Grandmother raises.

**{¶ 12}** "In determining whether a change in circumstances has occurred so as to warrant a change in custody, a trial judge, as the trier of fact, must be given wide latitude to consider all issues which support such a change." *Davis v. Flickinger*, 77 Ohio St.3d 415, 674 N.E.2d 1159 (1997), at paragraph two of the syllabus. Accordingly, "[w]e review the trial court's determination regarding a change of circumstances for an abuse of discretion." *In re L.M.* at ¶ 15, citing *In re A.N.*, 2d Dist. Greene Nos. 2010 CA 83, 2011 CA 7, 2011-Ohio-2422, ¶ 21. "An abuse of discretion does not exist unless a trial court's decision is 'grossly unsound, unreasonable, illegal, or unsupported by the evidence.' " *Id.* Although the issue is perhaps close, we cannot say the trial court abused its discretion in finding the requisite change in circumstances here.

**{¶ 13}** Contrary to the implication of Grandmother's opening brief, the trial court (unlike the magistrate) did not find a change in circumstances based solely on the fact that A.S. chronologically had reached the age to attend all-day kindergarten. It was not merely the child's age or school attendance that prompted the trial court's decision. Rather, the trial court appears to have been motivated by the child's negative emotional state and worsening behavior since starting kindergarten. (Doc. #3 at 3-4). In a post-argument reply brief filed with our permission, Grandmother does acknowledge Father's testimony about A.S.'s emotions and behavior. Grandmother characterizes these issues as "bumps in the road" and maintains that Father failed to show they were anything more than an "inconsequential or temporary fluctuation." (Reply brief at 5). Based on Father's

testimony, however, the trial court reasonably could have concluded that A.S. was having a negative reaction to being shuffled between homes while attending all-day kindergarten five days a week.[1] The record supports a finding that this situation was having a detrimental effect on the child's welfare and that the ramifications of the situation constituted a change in the child's circumstances sufficient to warrant a change in legal custody.[2] Because the record contains evidence to support such a conclusion, we find no abuse of discretion.

{¶ 14} Grandmother's assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court, Juvenile Division, is affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J., and FAIN, J., concur.

Copies mailed to:

James R. Kirkland
Kathryn L. Bowling
J.S.
Hon. Nick Kuntz

---

[1] We note that Father filed his motion for legal custody in June 2015 and that A.S. did not start kindergarten until August 2015. Therefore, the particular change in circumstances upon which the trial court relied existed at the time of the November 2015 hearing on Father's motion but not when he filed the motion. Grandmother has not raised this peculiarity as an issue or argued that the trial court erred in taking into consideration circumstances that arose after the filing of Father's motion but prior to the hearing thereon. In any event, based on our review of the pertinent statutes (either R.C. 3109.04(E)(1)(a) or R.C. 2151.42(B)), we see nothing to preclude the trial court from taking into consideration events occurring after the filing of Father's motion but prior to the hearing on it.

[2] In the proceedings below and on appeal Father also cited other factual allegations that he believed reflected poorly on Grandmother and established a change in circumstances. We note that the trial court made no findings with regard to most of these allegations and, in any event, did not rely on them to find a change in circumstances.