[Cite as *Lee v. Whitney*, 2020-Ohio-978.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY


KATHRYN M. LEE (nka TERRELL),

    PLAINTIFF-APPELLANT,                CASE NO.  15-19-06

    v.

MITCHELL H. WHITNEY,              O P I N I O N

    DEFENDANT-APPELLEE.


Appeal from Van Wert County Common Pleas Court
Juvenile Division
Trial Court No. 21030098

Judgment Affirmed

Date of Decision:   March 16, 2020


APPEARANCES:

    *Scott R. Gordon* for Appellant

    *Richard W. Miller, III* for Appellee

**ZIMMERMAN, J.**

{¶1} Plaintiff-appellant, Kathryn M. Lee nka Kathryn M. Terrell ("Kathryn"), appeals the August 16, 2019 judgment entry of the Van Wert County Court of Common Pleas—Juvenile Division, granting the defendant-appellee, Mitchell H. Whitney's ("Mitchell") motion for modification of parental rights and responsibilities. For the reasons that follow, we affirm.

{¶2} In 2004, the parties, who were never married to each other, had a son, N.L., who is later referred to in the record as N.W. [1] (*See* Doc. No. 3, 4).

{¶3} Kathryn filed a complaint on August 23, 2010 requesting the trial court establish a parent-child relationship between Mitchell and N.L. as well as child- and medical-support orders.[2] (Doc. No. 1). On February 14, 2011, the trial court issued a judgment entry finding Mitchell to be N.W.'s natural and biological father and established child- and medical-support orders. (Doc. No. 21).

{¶4} Mitchell filed a motion to establish visitation with N.W. on May 23, 2011. (Doc. No. 27). On November 8, 2011, the trial court journalized an order reciting the agreement of the parties as to visitation. (Doc. No. 33). On May 11, 2015 and by agreement of the parties, the trial court issued an order modifying the

---

[1] The record is silent as to N.L.'s surname change; however, from the parentage-judgment entry forward the trial court and the parties reference N.L. as N.W. (*See* Doc. No. 21).

[2] At all times relevant to this proceeding, Mitchell resided in Havelock, North Carolina and Kathryn in Van Wert, Ohio. (Doc. No. 1). A child support enforcement agency administrative order establishing a parent-child relationship between Mitchell and N.L. dated November 4, 2005 and a copy of genetic-test report were attached to Kathryn's complaint. (Doc. Nos. 3, 4).

tax-dependency exemption for N.W. for the years 2013 and 2016, the summer visitation schedule for N.W. for the years 2015 and 2016, granting Mitchell access N.W.'s medical and educational records, regulating the phone-call schedule for the parent who has physical custody of N.W., and implementing Mitchell's visitation with N.W. for Christmas 2015. (Doc. No. 45).

{¶5} On August 4, 2015, Kathryn filed a motion for immediate order which the trial court granted and a motion for contempt. (Doc. Nos. 49, 52, 53). Subsequently and on August 6, 2015, Mitchell filed a motion for modification of parental rights and responsibilities and for ex parte temporary orders.[3] (Doc. Nos. 60, 69). Ultimately, the trial court concluded that there was no change in circumstances denying Mitchell's motion and further found Mitchell in contempt for interference with Kathryn's custodial rights. (Doc. Nos. 60, 69, 126, 129).

{¶6} Mitchell filed a second motion for modification of parental rights and responsibilities, a motion for temporary custody, and a motion for in camera interview of N.W. on June 14, 2018. (Doc. Nos. 132, 135, 154). After a hearing on December 11, 2018, the magistrate issued his decision on December 28, 2018 concluding that a change in circumstances had occurred and that it was in N.W.'s

---

[3] Mitchell obtained an ex parte emergency temporary custody order of N.W. from the General Court of Justice, District Court Division in Craven County, North Carolina. (Doc. No. 75). The trial court determined under R.C. 3127.15 (titled Jurisdictional basis for initial custody determination) that the trial court had no jurisdiction to make a determination in this proceeding pursuant to division (A)(1). (Doc. Nos. 91, 92). Notably, R.C. 3127.15(A) provides "* * *a court of this state has jurisdiction to make an *initial determination* in a child custody proceeding * * *". (Emphasis added.) R.C. 3127.15(A).

best interest that Mitchell be named residential parent and legal custodian of N.W. subject to the parenting time set forth in the decision.[4]  (Doc. No. 181).  Kathryn objected to the magistrate's decision and requested the preparation of a transcript on January 10, 2019.  (Doc. Nos. 197, 220).  The trial court ordered the transcript be prepared at Kathryn's expense.  (Doc. Nos. 221, 229, 233).  Mitchell replied to Kathryn's objections to the magistrate's decision on January 18, 2019.  (Doc. No. 222).

{¶7} On July 19, 2019, the trial court filed its judgment entry overruling Kathryn's objections to the magistrate's decision without modification and ordering the preparation of a judgment entry consistent with the magistrate's decision.  (Doc. No. 282).  Subsequently, the trial court journalized that judgment entry on August 16, 2019.  (Doc. No. 290).

{¶8} Kathryn filed her notice of appeal on September 16, 2019.  (Doc. No. 301).  She raises three assignments of error for our review.  For ease of our discussion, we will address them together.

**Assignment of Error No. I**

**The Trial Court erred as a matter of law in finding that there had been a change in circumstances warranting modification of custody.**

---

[4] In addition to the other determinations listed above, the magistrate's decision established a current-child-support order against Kathryn, terminated Mitchell's current-child-support order, ordered Mitchell to continue to pay child-support arrearages due and owing to Kathryn, granted Kathryn the tax-dependency allocation for 2018 and even years thereafter and Mitchell for 2019 and odd years thereafter, and finally allocated uncovered-medical expenses with Mitchell responsible for 80% of those expenses and Kathryn 20%.  (Doc. No. 181).

## Assignment of Error No. II

**The Trial Court erred in finding that it is in the best interest of the minor child to grant custody to the Appellee.**

## Assignment of Error No. III

**The Trial Court erred as a matter of law in finding that the harm caused by the change of environment was outweighed by the advantages of the change of environment to the minor child.**

{¶9} In her assignments of error, Kathryn argues that the trial court abused its discretion in modifying parental rights and responsibilities and naming Mitchell as the residential parent and legal custodian. Specifically, in her first assignment of error, she argues that there was no change in circumstances. She argues in her third assignment of error that the trial court erred in finding that the harm caused by the change of circumstances was outweighed by the advantages to N.W. And finally, in her second assignment of error that the trial court erred in its application of the best-interest factors under R.C. 3109.04(F)(1).

*Standard of Review*

{¶10} "[T]he juvenile court has exclusive original jurisdiction to determine the custody of a child who is not a ward of another Ohio court." *Redmond v. Davis*, 7th Dist. Columbiana No. 14 CO 37, 2015-Ohio-1198, ¶ 33, citing R.C. 2151.23(A)(2). *See also Rowell v. Smith*, 10th Dist. Franklin No. 12AP-802, 2013-

Ohio-2216, ¶ 57. A juvenile court is to exercise its jurisdiction in a child-custody matter in accordance with R.C. 3109.04. R.C. 2151.23(F)(1).

{¶11} "'Decisions concerning child custody matters rest within the sound discretion of the trial court.'" *Krill v. Krill*, 3d Dist. Defiance No. 4-13-15, 2014-Ohio-2577, ¶ 26, quoting *Walker v. Walker*, 3d Dist. Marion No. 9-12-15, 2013-Ohio-1496, ¶ 46, citing *Wallace v. Willoughby*, 3d Dist. Shelby No. 17-10-15, 2011-Ohio-3008, ¶ 22 and *Miller v. Miller*, 37 Ohio St.3d 71, 74 (1988). ""'Where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court.""" *Id.*, quoting *Walker* at ¶ 46, quoting *Barto v. Barto*, 3d Dist. Hancock No. 5-08-14, 2008-Ohio-5538, ¶ 25 and *Bechtol v. Bechtol*, 49 Ohio St.3d 21 (1990), syllabus, citing *Trickey v. Trickey*, 158 Ohio St. 9 (1952). ""'Accordingly, an abuse of discretion must be found in order to reverse the trial court's award of child custody.""" *Id.*, quoting *Walker* at ¶ 46, quoting *Barto* at ¶ 25 and *Masters v. Masters*, 69 Ohio St.3d 83, 85 (1994). "'An abuse of discretion suggests the trial court's decision is unreasonable or unconscionable.'" *Id.*, quoting *Brammer v. Meachem*, 3d Dist. Marion No. 9-10-43, 2011-Ohio-519, ¶ 14, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶12} Here, we observe that through her appellate brief, Kathryn mischaracterizes the trial court's August 16, 2019 judgment entry as a

"modification" of an existing decree allocating Kathryn's and Mitchell's parental rights. (*E.g.*, Appellant's Brief at 4-10) ("There was no a change in circumstances in the child's life sufficient to warrant a modification, and the trial court erred in finding accordingly."). We conclude that the trial court's August 16, 2019 judgment entry amounted to an original proceeding allocating parental rights and responsibilities and not a proceeding for modification of a prior order of the court making the allocation. (*See* Doc. Nos. 1, 21, 33, 45, 282, 290).

*Analysis*

{¶13} At the outset we note, that Kathryn has always been N.W.'s sole-residential parent and legal custodian (by operation of law under R.C. 3109.042) until the issuance of the judgment entry by the trial court on August 16, 2019. (*See* Doc. No. 1, 21, 181, 282, 290). Because N.W. was born out of wedlock, custody of N.W. was controlled by R.C. 3109.042 at the time Mitchell filed his second motion for modification of parental rights and responsibilities on June 14, 2018. (*See* Doc. Nos. 1, 21, 132). R.C. 3109.042 provides, in its pertinent part:

> (A) An unmarried female who gives birth to a child is the sole residential parent and legal custodian of the child *until a court of competent jurisdiction issues an order designating another person as the residential parent and legal custodian.* A court designating the residential parent and legal custodian of a child described in this section shall treat the mother and father as standing upon an equality when making the designation.

(Emphasis added.) R.C. 3109.042(A).

{¶14} Prior to the trial court's entry of August 16, 2019, no court had issued an order designating either Kathryn or Mitchell the residential parent and legal custodian of N.W.[5] Thus, until the August 16, 2019 judgment entry, Kathryn served as N.W.'s sole-residential parent and legal custodian by operation of law. *See id. Severns v. Foster*, 3d Dist. Marion No. 9-18-21, 2019-Ohio-909, ¶ 16, citing *In re J.K.*, 7th Dist. Carroll No. 14 CA 899, 2014-Ohio-5502, ¶ 26, citing *In re S.S.L.S.*, 7th Dist. Columbiana No. 12 CO 8, 2013-Ohio-3026, ¶ 16, *Maine v. Jones*, 7th Dist. Mahoning No. 06 MA 191, 2007-Ohio-5043, ¶ 55, 57, *Francis v. Westfall*, 7th Dist. Jefferson Nos. 03-JE-20 and 03-JE-21, 2004-Ohio-4543, ¶ 15, and *DeWitt v. Myers*, 2d Dist. Clark No. 08-CA-86, 2009-Ohio-807, ¶ 14-16. Since Kathryn had custody of N.W. by operation of law, the statutory scheme creates no presumption in her favor when seeking an original order of custody. *In re J.K.* at 25-27, citing *In re S.S.L.S.* at ¶ 16, (concluding "Even though the mother [of J.K.] may have had custody via operation of law, there is no presumption in her favor when an original

---

[5] Supposing it may have been permissible for the trial court to recognize the January 4, 2016 judgment entry denying Mitchell's first motion for modification of parental rights and responsibilities as a ratification of a de facto-custody order awarding custody to Kathryn because "[t]he trial court is in the best position to determine [] its prior order[s]", we decline to reach such a conclusion on the basis the November 8, 2011 order is problematic under Civ.R. 53 and it would undermine R.C. 3109.042 which expressly places the mother and father on equal footing when the trial court makes the initial designation. (*See* Doc. Nos. 33, 129). *In re S.W.-S.*, 2d Dist. Miami No. 2013 CA 17, 2013-Ohio-4823, *3. *Compare In re A.N.*, 2d Dist. Greene No. 2010 CA 83 and 2011 CA 7, 2011-Ohio-2422, ¶ 13, (concluding the trial court did not err in finding the agreed entry constituted a de facto designation), and *Self v. Turner*, 3d Dist. Mercer No. 10-06-07, 2006-Ohio-6197, ¶ 18 (Bryant, P.J., concurring in part and dissenting in part), (determining that "[a]lthough there is no prior decree directly naming the residential parent" that the parents had a de facto-custody arrangement which was ratified by the trial court's prior order of child support identifying the obligee as the residential parent and therefore the panel should have addressed whether there was a change in circumstances under R.C. 3109.04(1)(a)(iii)).

order of custody is sought."). *Compare Self v. Turner*, 3d Dist. Mercer No. 10-06-07, 2006-Ohio-6197, ¶ 8, citing R.C. 3109.04 and *In re Knight*, 11th Dist. Trumball No. 2002-T-0158, 2003-Ohio-7222, ¶ 17, (differentiating R.C. 3109.04's strong presumption in favor of retaining the present-residential parent from R.C. 3109.042's requirement to treat each parent as standing upon equal footing). Thus, we conclude that when a mother acquires custody by operation of law under R.C. 3109.042 that such custody is analogous to a temporary order of custody. *See In re J.K.* at ¶ 27, citing Civ.R. 75(N)(1).

{¶15} Modifications of custody under R.C. 3109.04(E) are not applicable to temporary orders. *Id.*, citing *Gomez v. Gomez*, 7th Dist. No. 06 NO 330, 2007-Ohio-1559, ¶ 13-16, *Schmidli v. Schmidli*, 7th Dist. No. 02 BE 63, 2003-Ohio-3274, ¶ 21-22, and *State ex rel. Thompson v. Spon*, 83 Ohio St.3d 551, 554-555 (1998). In accordance, the trial court's August 16, 2019 judgment entry is not a "modification" within the meaning of R.C. 3109.04(E), but rather the product of an original proceeding to allocate the parental rights and responsibilities of N.W.'s parents. *See Severns* at ¶ 16. Consequently, the required demonstration of a change in circumstances under R.C. 3109.04(E)(1)(a) is not germane to the facts before us. *In re J.K.* at ¶ 29. Accordingly, it is our conclusion that a change in circumstances is not required under the facts presented, and thus Kathryn's first and third assignments of error are rendered moot. *Self* at ¶ 16. *See* App.R. 12(A)(1)(c).

{¶16} We now analyze the trial court's decree allocating parental rights and responsibilities in an original proceeding. Under these circumstances, the trial court need only base its determination on what was in N.W.'s best interest under R.C. 3109.04(B)(1). Following R.C. 3109.04(B)(1), the trial court must apply the best-interest test under R.C. 3109.04(F) and consequently the factors listed under division (F)(1). Therefore, we will address Kathryn's second assignment of error related to the trial court's application of the best-interest factors.

{¶17} As an initial matter, Mitchell filed a motion for in camera interview of N.W which the trial court granted. (Doc. No. 90). (*See* Doc. No. 181). Because the trial court interviewed N.W. under division (B)(1), division (B)(2) required the trial court to consider (B)(2)(a)-(c) in addition to R.C. 3109.04(F)(1). R.C. 3109.04(B)(1), (B)(2)(a)-(c).

R.C. 3109.04(B)(2) states:

(a) The court, in its discretion, may and, upon the motion of either parent, shall appoint a guardian ad litem for the child.

(b) The court first shall determine the reasoning ability of the child. If the court determines that the child does not have sufficient reasoning ability to express the child's wishes and concern with respect to the allocation of parental rights and responsibilities for the care of the child, it shall not determine the child's wishes and concerns with respect to the allocation. If the court determines that the child has sufficient reasoning ability to express the child's wishes or concerns with respect to the allocation, it then shall determine whether, because of special circumstances, it would not be in the best interest of the child to determine the child's wishes and concerns with respect to the allocation. If the court determines that, because of special

circumstances, it would not be in the best interest of the child to determine the child's wishes and concerns with respect to the allocation, it shall not determine the child's wishes and concerns with respect to the allocation and shall enter its written findings of fact and opinion in the journal. If the court determines that it would be in the best interests of the child to determine the child's wishes and concerns with respect to the allocation, it shall proceed to make that determination.

(c)    The interview shall be conducted in chambers, and no person other than the child, the child's attorney, the judge, any necessary court personnel, and, in the judge's discretion, the attorney of each parent shall be permitted to be present in the chambers during the interview.

R.C. 3109.04(B)(2)(a)-(c).  In addressing division (B)(2)(a), the trial court did not sua sponte appoint a guardian ad litem ("GAL") nor did Kathryn or Mitchell request the appointment of a GAL.  Our review of the record confirms that in conducting its interview of N.W., the trial court considered divisions (B)(2)(b) and (c).  (Dec. 11, 2018 Tr. at 1-2).  (*See* Doc. No. 181, 182, 183, 184).

{¶18} Next, we turn to the trial court's consideration of the best-interest factors found in R.C. 3109.04(F)(1) when it designated Mitchell N.W.'s residential parent.

R.C. 3109.04(F)(1) provides that:

(F)(1) In determining the best interest of a child pursuant to this section, whether on *an original decree allocating parental rights and responsibilities for the care of children* or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:

(a)    The wishes of the child's parents regarding the child's care;

(b)   If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;

(c)   The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

(d)   The child's adjustment to the child's home, school, and community;

(e)   The mental and physical health of all persons involved in the situation;

(f)   The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

(g)   Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;

(h)   Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household

that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;

(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.

(Emphasis added.) R.C. 3109.04(F)(1).

{¶19} In consideration of the relevant-statutory factors, the record supports that the magistrate considered R.C. 3109.04(E)(1)(a) and R.C. 3109.051(D) but not R.C. 3109.04(F)(1). (Doc. No. 187). However, the trial judge in conducting an independent review, made specific findings under R.C. 3109.04(F)(1)(a)-(e), and (j) and found that divisions (f), (g), (h), and (i) were not applicable to the contested issues before the trial court. (Doc. Nos. 286, 287, 288). From our review of the record from the motion hearing held on December 11, 2019, we conclude that the trial court did not err in establishing Mitchell as the sole-residential parent and legal custodian of N.W.

{¶20} A trial court's determination of what is in the best interest of the child will not be reversed absent an abuse of discretion. *Errington v. Errington*, 3d Dist. Wyandot No. 16-01-17, 2002-Ohio-1419, *2. This standard requires that the trial court's reasoning not be disturbed unless it was "unreasonable, arbitrary or

unconscionable," because the trial judge is best equipped to determine and weigh the credibility of the proffered testimony. *Davis v. Flickinger*, 77 Ohio St.3d 415, 416-418 (1997); *Blakemore*, 5 Ohio St.3d at 219.

{¶21} In deciding whether to grant Mitchell's motion for modification of parental rights and responsibilities, the trial court considered whether such a request was appropriate and in N.W.'s best interest by weighing all of the relevant factors. *See* R.C. 3109.04(F)(1)(a)-(j). The trial court noted the competing wishes of each parent regarding N.W.'s care. (Doc. No. 288). *See* R.C. 3109.04(F)(1)(a). The trial court found that N.W. (after two in camera interviews) was "adamant" regarding his desire to live with Mitchell and his family in North Carolina. (Doc. No. 288). *See* R.C. 3109.04(F)(1)(b). The trial court determined that N.W. has strong bonds, loving relationships, and is well integrated in both parent's households which includes other positive relationships with a paternal-sister-in-law and step-brother. (Doc. No. 288). *See* R.C. 3109.01(F)(1)(c). Next, the trial court considered that N.W. was acclimated to both parent's homes and communities. (Doc. No. 288). *See* R.C. 3109.01(F)(1)(d). Significantly, N.W.'s principal testified that N.W. was capable of making the "transition to a new school"; despite residing in Van Wert, Ohio his entire life. (Doc. No. 288). *See* R.C. 3109.01(F)(1)(d). Finally, the trial court considered that the father resides in North Carolina. (*Id.*). *See* R.C. 3109.01(F)(1)(j).

**{¶22}** After a review of the record, we cannot say that the trial court's balancing of the relevant-statutory factors was arbitrary, unreasonable, or unconscionable. Accordingly, we find that there is competent, credible evidence to support the trial court's findings and therefore the trial court did not abuse its discretion in determining that Mitchell should be named as the sole-residential parent and legal custody of his son, N.W.

**{¶23}** For these reasons, Kathryn's second assignment of error is overruled.

**{¶24}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**