[Cite as *Sysack v. Ciulla*, 2016-Ohio-3380.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| MATTHEW X. SYSACK | | C.A. No. 15CA0047-M |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DENA CIULLA | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellee | | CASE No. 05PA0073 |

DECISION AND JOURNAL ENTRY

Dated: June 13, 2016

CARR, Presiding Judge.

{¶1} Appellant Matthew Sysack ("Father") appeals the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, that dismissed his motion to modify the allocation of parental rights and responsibilities. This Court affirms.

I.

{¶2} Father and Dena Ciulla-Stosack ("Mother") are the parents of a child born in early 2005. The parents were never married. Paternity was established and an initial agreed parenting judgment was issued out of the Medina County Juvenile Court in early 2006. There was a lot of contention between the parents over the years, resulting in ongoing litigation. In mid-2011, the parties entered into another agreed judgment entry regarding parenting and visitation. In July 2012, Father filed, among other things, an emergency motion for change of custody. Prior to the hearing on Father's motion, the parties submitted to psychological evaluations and drug tests, the results of which were presented to the trial court for consideration. In addition, the guardian ad

litem submitted her report and the parties entered into various stipulations, all of which were taken into consideration by the court. At the conclusion of the testimony presented in Father's case in chief, Mother orally moved to dismiss Father's motion for a change of custody pursuant to Civ.R. 41(B)(2) on the basis that Father had failed to present evidence of a change in circumstances. After hearing arguments of counsel, the magistrate deferred ruling on the motion to dismiss until the next day. The magistrate subsequently granted Mother's motion and dismissed Father's motion to modify custody. Father filed objections to the magistrate's decision. The trial court overruled the objections and affirmed the dismissal of Father's motion to modify custody. Father timely appealed and raises one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

> THE TRIAL COURT ERRED IN FINDING THAT NO CHANGE OF CIRCUMSTANCES OCCURRED RESULTING IN THE TRIAL COURT DISMISSING [FATHER'S] REQUEST TO REALLOCATE PARENTAL RIGHTS.

{¶3} Father argues that the trial court abused its discretion by finding that he failed to prove a change in circumstances necessary to modify custody. This Court disagrees.

{¶4} The domestic relations court retains broad discretion in allocating parental rights and responsibilities. *Sejka v. Sejka*, 195 Ohio App.3d 335, 2011-Ohio-4711 (9th Dist.), ¶ 9, citing *Graves v. Graves*, 9th Dist. Medina No. 3242-M, 2002-Ohio-3740, ¶ 31. This Court may not overturn the trial court's judgment regarding the allocation of parental rights and responsibilities unless the trial court was arbitrary, unreasonable, or unconscionable in its determination. *Graves* at ¶ 31, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "Moreover, this Court must affirm the factual conclusions of the trial court unless they are not supported by competent, credible evidence." *Maxwell v. Maxwell*, 9th Dist. Wayne No.

07CA0047, 2008-Ohio-1324, ¶ 6. *See also Massie v. Sammons*, 4th Dist. Scioto No. 14CA3630, 2014-Ohio-5835, ¶ 20 (recognizing the propriety of applying the deferential abuse-of-discretion standard to challenges to the trial court's factual findings in custody modifications).

{¶5}   R.C. 3109.04(E)(1)(a) provides in relevant part that:

[t]he court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.

{¶6}   The threshold determination is whether there has been a change of circumstances, specifically "a change of substance, not a slight or inconsequential change." *Sejka* at ¶ 10, quoting *Davis v. Flickinger*, 77 Ohio St.3d 415, 418 (1997). In this case, as the parties were not subject to a prior shared parenting plan, the key inquiry was whether there was a substantial change in the circumstances of the child or Mother (the residential parent). In other words, to be substantial, any change in circumstances must have "a material and adverse effect" upon the child. *Neighbor v. Jones*, 9th Dist. Summit No. 24032, 2008-Ohio-3637, ¶ 6, quoting *Rohrbaugh v. Rohrbaugh*, 136 Ohio App.3d 599, 604-605 (7th Dist.2000).

{¶7}   Father argues that the trial court erred by finding no change in circumstances because he presented evidence showing that Mother interfered with his parenting time, failed to inform him about the child's medical/dental appointments, and suffers from mental health and substance abuse problems.

{¶8}   The parties agreed that the trial court would only consider evidence of circumstances occurring after May 19, 2011. Father identified two instances since that time when he was not permitted to exercise court-ordered visitation: (1) a one-hour period during

Thanksgiving 2011, and (2) two days during Christmas vacation in 2012. Mother testified that Father made up the hour missed in 2011, and Father conceded that he may have, although he could not remember for sure. Father also admitted that Mother had notified him by email and orally several days before the Thanksgiving incident that the child would not be available due to a holiday flight schedule, and that she agreed that Father could make up that time. Father further admitted that the visitation days he believed he missed during Christmas 2012, actually fell during Mother's Christmas vacation visitation period. He could not recall whether he was entitled to companionship with the child during those days, and he admitted that he picked up the child for visitation after those two days without incident.

{¶9} Father further admitted that, although the child is not always available to talk to him when he calls, the child eventually returns Father's calls. He admitted that he gave the child a cell phone to facilitate phone communications but that he almost immediately took it back.

{¶10} The evidence adduced at hearing also showed that Father was aware of the child's extracurricular activities, that he was aware of most medical and dental appointments, and that he conceded that sometimes appointments must be made to address imminent concerns. He himself had brought the child to the hospital for urgent care with little or no notice to Mother. Father's chief complaint was that he did not receive enough notice of appointments to coordinate his work schedule to take off time. He did not present evidence or argue, however, that the child's appointments were unnecessary or that Mother was delaying giving him notice until shortly before the appointments.

{¶11} Finally, as to allegations that Mother suffered from mental health or substance abuse issues, Father's assertions are not supported by the evidence. Both parents submitted to court-ordered mental health evaluations. The doctor's report indicated that neither parent

suffered from mental health issues. In addition, Mother submitted to multiple drug/alcohol screens based on Father's ongoing allegations. Both the reports in the record and the parties' stipulations indicate that all of Mother's screens were negative.

**{¶12}** Based on a review of the evidence and parties' stipulations, this Court concludes that the domestic relations court was not unreasonable in finding that Father failed to demonstrate the requisite change of circumstances to support a modification of the allocation of parental rights and responsibilities. Accordingly, the trial court did not abuse its discretion by denying Father's motion to reallocate parental rights.

**{¶13}** To the extent that Father attempts to expand his sole assignment of error to encompass an evidentiary issue, he failed to raise that issue in his objections to the magistrate's decision. Accordingly, he is precluded from raising any issues relating to impeachment and Evid.R. 613 for the first time on appeal. *See Ilg v. Ilg*, 9th Dist. Summit No. 23987, 2008-Ohio-6792, ¶ 1.

**{¶14}** Father's assignment of error is overruled.

### III.

**{¶15}** Father's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

MOORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

RUSSELL A. BUZZELLI, Attorney at Law, for Appellant.

LAURENCE A. TURBOW, Attorney at Law, for Appellee.

BETH BLACKMORE, Guardian ad litem.