[Cite as *Cutlip v. Gizzo*, 2018-Ohio-647.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

RANDY S. CUTLIP

    Appellant

    v.

PAMELA J. GIZZO

    Appellee

C.A. No.    28535

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2005-01-0375

DECISION AND JOURNAL ENTRY

Dated: February 21, 2018

SCHAFER, Presiding Judge.

{¶1}　Plaintiff-Appellant, Randy Cutlip, appeals the January 27, 2017 judgment entry of the Summit County Court of Common Pleas, Domestic Relations Division. Based on the following, this Court affirms.

I.

{¶2}　Cutlip was married to Defendant-Appellee, Pamela Gizzo, on July 4, 2001. The parties had a child, R.C., on June 18, 2002. Cutlip and Gizzo were divorced on September 29, 2006. R.C. was a minor at the time of the divorce. The divorce decree included a shared parenting plan regarding R.C. Over the course of nearly nine years post-decree, the parties continually filed motions concerning custody and visitation of R.C. On June 25, 2015, the court

adopted an "agreed judgment entry[1]" resolving custody and visitation matters and stating the parties' respective parental rights and responsibilities.

{¶3} An incident occurred on September 16, 2015, involving a physical altercation between R.C. and Gizzo. In response to the incident, Gizzo called the police. This resulted in R.C.'s arrest and detention at the Medina County Juvenile Detention Center. While in detention, R.C. made abuse allegations against Gizzo, refused release from the detention center, and refused to return to Gizzo's home. The Medina County Juvenile Court appointed a guardian ad litem for R.C. Subsequent to the guardian ad litem's investigation and recommendation, R.C. was released from detention and returned to Gizzo's home.

{¶4} Cutlip filed a "motion to modify custody/parenting plan and/or visitation" and "motion to modify child support upon either substantial change in visitation or residential parent" on October 21, 2015. In the motion, he argued a change in circumstances surrounding the September 15, 2015, domestic violence incident resulting in R.C.'s arrest. Gizzo submitted her opposition to Cutlip's motion on December 14, 2015.

{¶5} The visiting judge presiding over this matter in the trial court held an in camera interview with R.C. on May 25, 2016. The matter was set for a trial on the custody issues. Meanwhile, on September 23, 2016, Gizzo filed a motion to modify parenting time. The custody trial commenced on September 29, 2016 and continued intermittently, concluding on December 5, 2016. Both Cutlip and Gizzo were represented by counsel in the trial court. R.C. testified during the custody trial, but the record does not indicate that she was represented by counsel.

---

[1] This agreed judgment entry was approved Gizzo and her attorney, as well the attorney for R.C. The approval line for Cutlip was left blank, and Cutlip's attorney indicated "seen but not approved." Judge Hoffman, the assigned trial judge, signed the order.

{¶6} In the January 27, 2017 entry, the trial court found that "throughout the years both [Cutlip and Gizzo] have been unable to cooperate or effectively communicate with each other" and that both Cutlip and Gizzo, "during the pendency of this case, have been involved with allegations and negative events that have caused the parties to be unable to trust or communicate with each other." Further, the trial court found that Cutlip had not acted in good faith with respect to court-ordered family counseling, and that Cutlip believes counseling to be unnecessary because he does not acknowledge any problems in his relationship with R.C. The trial court took issue with Cutlip's "fail[ure] to recognize his responsibility to assist [R.C.] to have a better relationship with [Gizzo,]" because the trial court found facilitating a better relationship to be in the best interest of R.C.

{¶7} Recognizing that Gizzo "is designated residential/legal custodian" the trial court found that both parents need to "be involved, informed, and consulted about concerns of [R.C.]" and that both Cutlip and Gizzo need to work together for the benefit of R.C. The trial court indicated that it considered the testimony of the several witnesses called by each party, reviewed the evidence, and considered the expert report of Dr. Craig Childress—which it found to be "insightful" but "speculative" and of "little assistance." The trial court made a finding that it had considered and evaluated the sworn testimony of R.C. and assessed the event concerning her detention.

{¶8} Based on its findings the court denied Cutlip's motion to modify custody and child support. The trial court did order certain modifications to the June 25, 2015 agreed judgment entry, but otherwise left the entry in effect. Cutlip has appealed from that judgment entry raising two assignments of error for our review.

II.

## Assignment of Error I

**The trial court erred and abused its discretion in granting custody of the minor child to [Gizzo], and not to [Cutlip].**

{¶9}    In his first assignment of error, Cutlip argues that the trial court erred when it failed to grant custody of R.C., then fourteen years old, to Cutlip.  He asserts that R.C. expressed a desire to live with Cutlip, that R.C. expressed concerns that she was not safe to return to Gizzo's home, and that Gizzo had lied to public officials.  Cutlip, therefore, contends that the trial court abused its discretion when it denied his motion to modify custody, parenting plan, and/or visitation as ordered in the June 25, 2015 agreed judgment entry.

{¶10}  R.C. 3109.04(E) applies to a motion to modify a prior decree or order allocating parental rights and responsibility.  A trial judge is vested with wide latitude in "determin[ing] whether a change in circumstances has occurred so as to warrant a change in custody[.]" *Davis v. Flickinger*, 77 Ohio St.3d 415, paragraph two of the syllabus.  Therefore, the trial court's determination in that respect should not be disturbed absent an abuse of discretion.  *Id*. at paragraph one of the syllabus.  A trial court abuses its discretion if its decision is arbitrary, unreasonable, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶11}  R.C. 3109.04(E)(1)(a) states:

> The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.  In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

Thus, "[t]he threshold determination" is whether facts—that were unknown to the court at the time of the prior decree—establish that a change of circumstances has occurred. *Sysack v. Ciulla*, 9th Dist. Medina No. 15CA0047-M, 2016-Ohio-3380, ¶ 6, *see also* R.C. 3109.04(E)(1)(a). This "change" must be "of substance" and not "slight or inconsequential[.]" *Flickinger*, 77 Ohio St.3d at 418.

{¶12} Rather than discussing a *change* in circumstance, Cutlip states in his brief that there "is a long history of animosity between the parents, and between [Gizzo and R.C.]." Next, he lists seventeen statements which, presumably, Cutlip believes to be facts supporting a change in custody. While some of the statements in this list may be relevant to a change in circumstance analysis, others are simply irrelevant. Nevertheless, Cutlip fails to properly identify the sources of these seventeen statements or to indicate where they can be located in the record. *See* App.R. 16(A)(7). Furthermore, Cutlip does not explain the relevance of these statements with respect to the R.C. 3109.04(E) analysis, or to the trial court's decision that the facts and circumstances did not warrant a change in custody.

{¶13} The record reflects that Cutlip believes a change in custody is warranted based on the domestic violence incident of September 2015, the alleged deterioration in the relationship between R.C. and Gizzo, and R.C.'s stated wish not to live with Gizzo. However, as discussed above, the judgment entry reflects that in making the decision to deny Cutlip's motion, the trial

court considered the domestic violence incident, the relationship of the parties, the testimony of R.C., and the other testimony and evidence presented at the custody trial. Cutlip has not demonstrated that evidence of record supported a change in circumstances to support a modification of custody, or that the trial court acted arbitrarily, unreasonably, or unconscionably in declining to find a change in circumstances and modify custody. Thus, we cannot conclude that the trial court abused its discretion in denying Cutlip's motion. Cutlip's first assignment of error is overruled.

### **Assignment of Error II**

**The trial court erred and abused its discretion in failing to modify child support as sought by [Cutlip].**

{¶14} In this second assignment of error, Cutlip asserts that the trial court abused its discretion in denying the motion to modify child support. Cutlip argues that a modification of a child support order can occur if there has been a substantial change in circumstances since the original order. However, the "change in circumstances" that Cutlip relies on is purely conjectural. In essence, Cutlip argues, in the event that he was awarded custody of R.C. or a substantial increase in visitation, such a change in circumstance would require the trial court's consideration regarding child support. Because the trial court did not modify custody or visitation, the trial court did not order child support.

{¶15} In his brief Cutlip states "[o]nce this Court reverses the trial court's order with respect to custody, and grants him the same, then this Court must remand this matter to the trial court to determine the amount of child support due from Gizzo to him." Accordingly, we determine that, based on our resolution of the first assignment of error, Cutlip's second assignment of error is moot, and we decline to address it.

III.

{¶16} Cutlip's first assignment of error is overruled, and his second assignment of error is moot. The judgment entry of the Summit County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

THOMAS C. LOEPP, Attorney at Law, for Appellant.

PAMELA J. GIZZO, pro se, Appellee.